IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DOUGLAS E. HALL,                              )
                                             )
                 Plaintiff,                  )
                                             )
         v.                                  )   C.A. No. 23-1289 (MN)
                                             )
TROOPER ELIZABETH ZAMBRANO, et               )
al.,                                         )
                                             )
                 Defendants.                 )

## MEMORANDUM OPINION

Douglas E. Hall, Sussex Correctional Institution, Georgetown, Delaware – Pro Se Plaintiff.

May 9, 2024
Wilmington, Delaware

*Maryellen Noreika*

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Douglas E. Hall, an inmate confined at Sussex Correctional Institution in Georgetown, Delaware, filed this *pro se* action pursuant to 42 U.S.C. § 1983.  (D.I. 3).  Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 7).  The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## I.      BACKGROUND

Plaintiff brings claims based on his January 2023 arrest for driving under the influence ("DUI").  Specifically, he brings claims for false arrest, false imprisonment, and defamation.  For relief, he requests damages and declaratory relief.

On July 19, 2023, Plaintiff pleaded guilty to his fifth DUI offense and was sentenced two years in prison.  *See Delaware v. Hall*, 2024 WL 1406600, at *1 (Del. Super. Ct. Apr. 1, 2024).  He did not file a direct appeal and, on April 1, 2024, the Superior Court of Delaware denied his motion for postconviction relief.  *Id.*

## II.     SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint,

"however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

III.   **DISCUSSION**

The Supreme Court held in *Heck v. Humphrey* that, where success in a § 1983 action would necessarily imply the invalidity of a conviction or sentence, an individual's suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated. 512 U.S. 477, 486-87 (1994). Plaintiff's conviction and sentence has not been invalidated. Accordingly, the case will be dismissed as *Heck*-barred.

IV.   **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint without prejudice as *Heck*-barred.

An appropriate Order will be entered.

3